UNITED STATES of America,
Plaintiff–Appellee,

v.

John Robert POWELL, Defendant–
Appellant.

No. 92–30274.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 1993.

Decided Sept. 24, 1993.

Robert S. Mahler, Asst. Federal Public Defender, Seattle, WA, for defendant-appellant.

Kenneth R. Parker, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## I

## OVERVIEW

John Robert Powell (Powell) appeals the sentence imposed as a result of his guilty

plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He contends that the district court erred in applying the official victim enhancement which added three points to his base offense level. Because we conclude that the district court correctly applied the official victim enhancement, we affirm.

## II

### *FACTS AND PROCEDURAL HISTORY*

On July 24, 1991, Officer DePretto (DePretto), a Washington State Patrol officer, and his partner were investigating a lead on a stolen vehicle. When they pulled into a driveway behind a green station wagon, DePretto identified himself as a police officer to the driver, Powell, and his passenger. Because Powell was extremely nervous and evasive, and because DePretto felt Powell may have wanted to talk to him about the stolen vehicle, DePretto asked Powell to step out of the car. It was beginning to rain so DePretto suggested that Powell bring his coat. Powell "scooped up" his coat. As DePretto approached Powell, he saw that Powell had a handgun in his right hand. Officer DePretto then screamed, "Gun!" and attacked Powell in an effort to separate Powell from the weapon.

Powell was indicted on March 11, 1992, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count I), and for using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count II). Powell pled guilty to being a felon in possession of a firearm and Count II was dismissed.

At sentencing, Powell's explanation of the incident was that he had forgotten the gun was in the coat when he got out of the car, and that he had not intended to shoot DePretto. Officer DePretto testified that just before he disarmed Powell, Powell was attempting to bring the gun to bear on DePretto. The district court found that Officer DePretto was the more credible witness and accepted his version of the events. The district court judge concluded that Powell had "assaulted" Officer DePretto because he had created a substantial risk of serious bodily injury. Accordingly, he increased Powell's base offense level pursuant to U.S.S.G. § 3A1.2(b), which provides for a three-level enhancement when a law enforcement officer is assaulted during the course of another offense. Powell was sentenced to thirty-seven months imprisonment. He appeals, contending that Application Note 1 of the Guideline precludes this adjustment.

## III

### *DISCUSSION*

We review *de novo* the district court's legal interpretation of the Sentencing Guidelines and accept its factual findings unless they are clearly erroneous. *United States v. Sanchez*, 914 F.2d 1355, 1361 (9th Cir.1990), *cert. denied*, 499 U.S. 978, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991). We "give due regard to the opportunity of the district court to judge the credibility of the witnesses ... [and] due deference to the district court's application of the guidelines to the facts." *Id.* (internal quotation omitted).

We must determine whether the three-level official victim enhancement properly applies where the crime of being a felon in possession of a firearm is "victimless." We conclude that it does.

Section 3A1.2 of the Sentencing Guidelines provides:

If—

(a) the victim was a law enforcement or corrections officer; a former law enforcement or corrections officer; an officer or employee included in 18 U.S.C. § 1114; a former officer or employee included in 18 U.S.C. § 1114; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status; or

(b) during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury,

increase by 3 levels.[1]

Subdivision (a) is clearly inapplicable in this case because the "offense of conviction," felon in possession of a firearm, was not motivated by the official status of the law enforcement officer. *See* U.S.S.G. § 3A1.2(a); *see, e.g., United States v. Morrow,* 925 F.2d 779, 782 (4th Cir.1991). Thus, the only issue is whether the enhancement was properly applied in accordance with subsection (b).

Application Notes 1 and 5 are relevant to this determination. Note 1 limits application of the enhancement: "This guideline applies when specified individuals are *victims of the offense.* This guideline does not apply when the only victim is an organization, agency, or the government." U.S.S.G. § 3A1.2, comment. (n.1) (Nov. 1990) (emphasis added). Application Note 5 interprets subdivision (b) as follows:

> Subdivision (b) applies in circumstances tantamount to aggravated assault against a law enforcement or corrections officer, *committed in the course of,* or in immediate flight following, *another offense,* such as bank robbery. While this subdivision may apply in connection with a variety of offenses that are not by nature targeted against official victims, its applicability is limited to assaultive conduct against law enforcement or corrections officers that is sufficiently serious to create at least a "substantial risk of serious bodily injury" and that is proximate in time to the commission of the offense.

*Id.,* § 3A1.2, comment. (n.5) (emphasis added). Powell contends that Note 1 precludes application of the enhancement because being a felon in possession of a firearm is a victimless crime. We disagree.

■ It is true that we have held that being a felon in possession of a firearm is a "victimless crime" because "[s]ection 922(g) protects *society* against those determined unqualified to possess firearms." *United States v. Bar-*

ron–Rivera, 922 F.2d 549, 555 (9th Cir.1991) (emphasis added); *see also Morrow,* 925 F.2d at 782 (if there is a victim of felony possession, it is society). However, when interpreting the Guidelines, we must apply the Commentary unless it is inconsistent with the Guideline: "commentary . . . that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* —— U.S. ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). In the present case, there is an inconsistency between Note 1 and subsection (b). On the face of the Guideline, subsection (b) clearly applies because Powell assaulted a law enforcement officer "during the course of" the felon in possession offense.[2] Note 1 by its terms would preclude the subsection (b) enhancement because the individuals specified in subsection (a) were not the victims of the offense of conviction.

This inconsistency can perhaps be explained by examining the history of the official victim adjustment. As originally promulgated, Guideline § 3A1.2 included only a truncated version of what is now subsection (a):

> [I]f the victim was any law-enforcement or corrections officer, any other official as defined in 18 U.S.C. § 1114, or a member of the immediate family thereof, and the crime was motivated by such status, increase by 3 levels.

In 1988, the Guideline was amended and subsection (b) added. The Sentencing Commission did not alter Note 1; however, it added Note 5 to interpret subsection (b). Reading the Guideline in conjunction with the Commentary, it appears that the Commission intended that Note 1 would apply only to subdivision (a), as was the situation in the original version. Unfortunately, the Commission did not amend Note 1 when it amended the Guideline.

---

1. Subsection (a) was amended effective November, 1992. The amendment does not bear on the issue presented in this appeal.

2. The district court did not clearly err in finding that Powell "assaulted" Officer DePretto. It found Officer DePretto's testimony credible and the record supports its finding that Powell's conduct created "at least a 'substantial risk of serious bodily injury.' " U.S.S.G. § 3A1.2, comment. (n.5).

In any instance where the offense of conviction is a victimless crime, Note 1 would render subdivision (b) of the Guideline meaningless, even though it would otherwise apply. We apply the rules of statutory construction to the Guidelines. *See, e.g., United States v. Helmy,* 951 F.2d 988, 996 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2287, 119 L.Ed.2d 211 (1992); *United States v. Lopez–Cavasos,* 915 F.2d 474, 478–79 (9th Cir.1990); *United States v. Behnezhad,* 907 F.2d 896, 898 (9th Cir.1990). It is a basic rule of statutory construction "that one provision should not be interpreted in a way which is internally contradictory or that renders other provisions of the same statute inconsistent or meaningless." *Hughes Air Corp. v. Public Util. Comm'n,* 644 F.2d 1334, 1338 (9th Cir.1981). Moreover, "[w]e avoid any statutory interpretation that renders any section superfluous and does not give effect to all of the words used by Congress." *Central Mont. Elec. Power Co-op., Inc. v. Administrator, Bonneville Power Admin.,* 840 F.2d 1472, 1478 (9th Cir.1988). These same principles apply here. Preclusion of the enhancement because the offense of conviction was a victimless crime would render subsection (b) meaningless in cases such as this one where an officer is assaulted during the course of the "victimless" crime.

Although being a felon in possession of a firearm may in and of itself be a victimless crime, the use or, as in this case, the intended use of that firearm may create circumstances where there are specific victims of the offense. Subsection (b) covers just this kind of case where during the course of that offense, an official is a victim.

Therefore, we conclude that because Note 1 and subsection (b) are inconsistent, Note 1 does not preclude application of the official victim enhancement where an official victim is assaulted within the meaning of subsection (b). In those instances, the sentencing court must ignore Note 1 and apply § 3A1.2(b). This is precisely what the district court did here.

AFFIRMED.