**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Dale JOHNSON, Defendant–Appellant.**

**No. 93–30428.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 1994.

Decided Sept. 26, 1994.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, OR, for defendant-appellant.

Robert G. Thomson, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: ALDISERT,* THOMPSON and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

On June 10, 1993, Robert Dale Johnson robbed the Division Branch of Washington Mutual Bank in Portland, Oregon. Police arrested him a few hours after the robbery. Upon Johnson's arrest, police discovered an unloaded firearm concealed in his pants. Johnson admitted he carried the weapon in his pants during the robbery, but he never showed it to anyone inside the bank, nor did he inform the bank teller he had a gun.

Johnson pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). He received a 51–month prison sentence, including a 5–level enhancement under the United States Sentencing Guidelines for possession of a deadly weapon.

Johnson appeals the sentence enhancement. He argues the 5–level enhancement for possession of a weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(C) was inappropriate because the gun was concealed during the robbery and no victim was aware of its presence. Rather, he asserts a 2–level enhancement for express threat of death pursuant to U.S.S.G. § 2B3.1(b)(2)(F) is appropriate. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

---

* Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by

## STANDARD OF REVIEW

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Blaize,* 959 F.2d 850, 851 (9th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992).

## DISCUSSION

U.S.S.G. § 2B3.1(b)(2)(C) provides a 5–level enhancement "if a firearm was brandished, displayed, or possessed" during a robbery. The guidelines define "brandished" as "pointed or waved about, or displayed in a threatening manner." U.S.S.G. § 1B1.1, comment. (n. 1(c)). The guidelines do not further define "displayed" or "possessed." Johnson argues this court should interpret "possessed" to mean "visibly possessed" or possessed in such a way that the robbery victim is aware of, and thus threatened by, the weapon's presence.

To support his assertion, Johnson cites *United States v. Powell,* 6 F.3d 611 (9th Cir.1993). *Powell* held that courts should avoid interpretations that render some portions of the guidelines superfluous or do not give effect to all terms used. *Powell,* 6 F.3d at 614. Johnson asserts the district court's interpretation of "possessed" eliminates the need for "brandished" and "displayed." Johnson argues the three terms refer to different levels of *visible* firearm possession, ranging from pointing the weapon at victims to simple "open possession not amounting to an ostentatious showing."

The *Powell* holding does not invalidate Johnson's sentence enhancement. Johnson is correct that if the enhancement applies any time a defendant possesses a firearm during a robbery, it appears irrelevant whether the firearm is brandished or displayed. However, this is also true if we interpret "possessed" to mean "visibly possessed." Even if we were to accept Johnson's contention that a weapon is "possessed"

designation.

only when it is visible, the other terms of the guideline would still appear superfluous.

 Johnson also relies upon the commentary accompanying the guidelines to support his argument. We apply the commentary when interpreting the guidelines, unless it is inconsistent with the plain meaning of guideline terms. *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993); *Powell,* 6 F.3d at 613. The relevant commentary states "when an object that *appeared to be* a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon" for guideline purposes. U.S.S.G. § 2B3.1, comment. (n. 2) (emphasis added). Johnson argues "appeared to be" implies that the weapon must "appear" to a victim during the crime to qualify for the enhancement.

Johnson's contention finds no support in either case law or the plain meaning of the word "possessed." In *United States v. Pool,* 937 F.2d 1528 (10th Cir.1991), the court upheld a weapon enhancement where the victims never saw a gun, and the gun the suspect possessed was a toy. Likewise, in *United States v. Russell,* 905 F.2d 1439 (10th Cir.1990), the court allowed the enhancement where the defendant never removed the weapon from his pocket or specifically stated he was armed. Like the defendants in *Pool* and *Russell,* Johnson never showed his weapon to the victim, and never explicitly stated he had a gun. These cases indicate a weapon does not have to "appear" during a robbery for the enhancement to apply.

The plain meaning of the word "possessed" also favors upholding Johnson's sentence. "Possess" is defined as "to have in one's actual and physical control; to have the exclusive detention and control of." *Black's Law Dictionary* 1046 (5th ed. 1979). We are aware of no definition of "possess" that requires an object to be visible in order to be possessed.

Johnson contends the rule of lenity requires interpretation of any ambiguity of the guidelines in his favor. However, no ambiguity exists in this case. "Possessed" is not an ambiguous term, and nothing in the case law creates an ambiguity. Increased sentences are imposed on persons who carry dangerous weapons while committing robbery. U.S.S.G. § 2B3.1(b)(2)(C). Johnson admittedly had the gun in his possession during the robbery.

AFFIRMED.