61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chester BANKS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl HAGGENS, Defendant-Appellant.
 Nos. 93-50665, 93-50761.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided July 17, 1995.
 
 1
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Codefendants Chester Willie Banks, Jr., and Earl Haggens appeal the sentences they received after pleading guilty to one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). We review de novo the district court's application of the United States Sentencing Guidelines. United States v. O'Brien, 50 F.3d 751, 754 (9th Cir. 1995). We affirm both sentences.
 
 II.
 
 4
 We find no merit in Banks' contention that he did not "possess" the pistol in his van during the bank robbery for purposes of section 2B3.1(b)(2)(C) of the Guidelines. The plain words of the Guideline require no more than possession during the crime, and Banks had possession of the gun in the van at the time he was assisting in the bank robbery. A firearm need not be displayed or brought to the attention of others during commission of an offense to be "possessed" within the meaning of section 2B3.1(b)(2)(C). United States v. Johnson, 37 F.3d 1352, 1354 (9th Cir. 1994), cert. denied, 115 S. Ct. 1155 (1995). Thus we affirm the district court's decision to enhance Banks' sentence because he possessed a firearm during commission of the offense.
 
 
 5
 Banks also argues that the district court did not realize that it could consider his personal circumstances when it exercised its discretion not to depart downward on the ground that Banks' participation in the bank robbery was aberrant behavior. We disagree with Banks' characterization of the district court's decision-making process. The record indicates that the court did consider Banks' personal character and lack of a criminal history before deciding not to depart downward. Nothing in the record suggests that the court thought it lacked power to consider those matters as part of a discretionary decision whether to depart. The district court is not required to recite that it has discretion. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir. 1991). Because the district court committed no error of law, we may not review its discretionary decision not to depart downward. See United States v. Morales, 898 F.2d 99, 102 (9th Cir. 1990).
 
 III.
 
 6
 Haggens' appealed on the ground that he had a constitutional right collaterally to attack his prior state conviction during his sentencing proceedings. His argument was based on United States v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir. 1993). As Haggens concedes, the Supreme Court's holding in Custis v. United States, 114 S. Ct. 1732 (1994), effectively overruled Vea-Gonzales as to collateral attacks on state convictions that are not grounded on a violation of the right to counsel. See also United States v. Burrows, 36 F.3d 875, 885 (9th Cir. 1994) (after Custis, federal defendants no longer have a constitutional right collaterally to attack state convictions at sentencing except on ground that state denied them right to counsel). Moreover, in United States v. Price, 51 F.3d 175, 177-78 (9th Cir. 1995), we held that neither the legislation authorizing the Sentencing Guidelines nor the Guidelines themselves provide an independent basis for federal defendants to attack state convictions at sentencing.
 
 
 7
 Because Haggens no longer has a legal basis for attacking his prior conviction at sentencing, we affirm the district court's use that conviction in calculating his sentence.
 
 
 8
 NOS. 93-50665 and 93-50761 AFFIRMED.
 
 
 
 *
 The panel unanimously finds Case No. 93-50761 suitable for decision without argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3