116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Scott DALY, Defendant-Appellant.
 No. 96-50401.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-90-00701-1-GT; Gordon Thompson, Jr., District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Scott Daly appeals his conviction and 357-month sentence imposed following this court's remand for resentencing. Daly was convicted of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e). We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Daly's contention that sections 922(g)(1) and 924(e) violate the commerce clause in light of United States v. Lopez, 514 U.S. 549( 1995), is foreclosed by our recent decision in United States v. Bonat, 106 F.3d 1472, 1477 (9th Cir.1997). In addition, Daly's contention that the district court erred by adjusting his offense level upward pursuant to U.S.S.G. § 3A1.2 for attempting to murder an official victim is foreclosed by United States v. Powell, 6 F.3d 611, 613-14 (9th Cir.1993).
 
 
 4
 Daly next contends that the district court erred by departing upward three-levels on the ground that Daly's offense involved multiple official victims. This contention lacks merit.
 
 
 5
 We review the district court's departure from the sentencing guidelines for abuse of discretion. See Koon v. United States, 116 S.Ct. 2035, 2043 (1996); United States v. Beasley, 90 F.3d. 400, 402-03 (9th Cir.), cert. denied, 117 S.Ct. 533 (1996).
 
 
 6
 The sentencing court may depart upward if it identifies an aggravating circumstance "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." See 18 U.S.C. § 3553(b); see also Beasley, 90 F.3d at 402. "Pursuant to U.S.S.G. § 5K2.0 a district court may depart on the basis of a factor expressly taken into consideration by the guidelines if 'the court determines that, in light of unusual circumstances, the guidelines level attached to that factor is inadequate.' " United States v. Collins, 109 F.3d 1413, 1421 (9th Cir.1997) (quoting U.S.S.G. § 5K2.0).
 
 
 7
 On remand, the district court calculated the applicable sentence range based on the November 1, 1989 sentencing guidelines which were in effect at the time of the commission of the crime.[1] Conviction of being a felon in possession of a firearm called for a base offense level of 12. See U.S.S.G. § 2K2.1(a)(2). The cross-reference in section 2K2.1(c)(2) to section 2X1.1 was applicable because the offender "used or possessed the firearm in connection with commission or attempted commission of another offense ..." See United States v. Canon, 66 F.3d 1073, 1077 (9th Cir.1995). In turn, section 2X1.1 directed the sentencing judge to use the base offense level for the "object offense." See id. The district court analogized Daly's conduct to assault with intent to commit murder, under section 2A2.1. To the base offense level of 20 under section 2A2.1, the court added a five-level increase for discharge of a firearm pursuant to section 2A2.1(b)(2)A, and a three-level increase for official victim pursuant to section 3A1.2(b) for a total of 28. The district court then concluded that upward departures were warranted. First, the district court increased Daly's criminal history category from VI to a hypothetical category IX to account for the under-representation of criminal history. Next, the court concluded that neither the attempted murder guideline, nor the adjustment for official victim, adequately covered the aggravating factor of multiple official victims that was present here.
 
 
 8
 Daly first argues that "multiple official victims" was not a proper basis for departure. We reject this argument. The record reflects that the attempted murder involved four police officers. Section 3A1.2 provides for a three-level increase if "the victim was any law enforcement or corrections officer...." This language suggests that the Sentencing Commission did not adequately account for the situation where, as here, there are multiple official victims. See United States v. Foppe, 993 F.2d 1444, 1453 (9th Cir.1993) (affirming upward departure from § 2B3.1 based on multiple victims in robbery); U.S.S.G. § 5K2.0,, (1989) (departure warranted if an offense involves several victims not already taken into account). Thus, the district court did not abuse its discretion in determining that it had authority to depart upward. See Foppe, 993 F.2d at 1453.
 
 
 9
 Daly contends in the alternative, that the departure violates the Ex Post Facto Clause because the government sought the upward departure for the first time at Daly's 1996 resentencing. We also reject this argument.
 
 
 10
 On remand the district court was authorized to impose "any sentence which could lawfully have been imposed originally." See United States v. Moreno-Hernandez, 48 F.3d 1112, 1116 (9th Cir.1995). Because the district court had authority to depart upward based on multiple victims at the time Daly was originally sentenced, the departure did not violate the Ex Post Facto Clause. See id.; U.S.S.G. § 5K2.0 (1989).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "[A]bsent an ex post facto problem, the district court must apply the version of the Sentencing Guidelines in effect on the date of resentencing." See United States v. Fagan, 996 F.2d 1009, 1018 (9th Cir.1993). The 1989 guidelines were presumably relied upon to avoid an ex post facto problem. See, e.g., U.S.S.G. § 2A2.1 (1990) (which increased the base offense level for assault with intent to commit murder); see also, United States v. Canon, 66 F.3d 1073, 1076 n. 1 (9th Cir.1995)