

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-1998

# United States v. Walker

Precedential or Non-Precedential:

Docket 97-7368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"United States v. Walker" (1998). *1998 Decisions*. Paper 173.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 24, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-7368

UNITED STATES OF AMERICA

v.

LAWYER LEE WALKER,

        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. No. 97-cr-00012

Argued April 21, 1998

Before: STAPLETON, NYGAARD and WEIS, Circuit Judges

(Opinion Filed: July 24, 1998)

        Stephen F. Becker (Argued)
        114 Market Street
        Lewisburg, PA 17837

        Counsel for Appellant

        Frederick E. Martin (Argued)
        Office of the United States
         Attorney
        240 West Third Street
        P. O. Box 548
        Williamsport, PA 17703

        Counsel for Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Lawyer Lee Walker appeals his sentence after pleading guilty to possession of a prohibited object by an inmate, 18 U.S.C. S 1791, and impeding a federal officer, 19 U.S.C. S 111. Specifically, he contends that the district court erred by applying U.S. Sentencing Guidelines Manual S 3A1.2(b) (1997) ("Official Victim") to impose a three-level enhancement to his sentence for assaulting a "corrections officer." We conclude that the district court used the appropriate guideline, but misconstrued the phrase "corrections officer." We will reverse and remand for further fact-finding as the district court deems appropriate, and for resentencing.

I.

Walker, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, worked on a food service detail in the kitchen supervised by David Wadeck. During a confrontation with Walker, Wadeck called Walker a"punk." Later, Walker attacked Wadeck from behind with a large, steel food service ladle or paddle. Walker was eventually charged with unlawful possession of a weapon by an inmate, 18 U.S.C. S 1791(a)(2), and resisting and impeding a federal officer, 18 U.S.C. S 111(a). Walker pleaded guilty to both charges, but filed objections to the presentence report.

At the sentencing hearing, the district court accepted Walker's objections to the application of section 3A1.2(a) because the court found, based on evidence adduced at the hearing, that the attack was not motivated by Wadeck's status as a government employee, but rather his use of the term "punk." The district court, sua sponte, raised the possible applicability of section 3A1.2(b), which neither party nor the PSR had previously mentioned. After argument and additional testimony from Special Investigative Agent Aponte, the district court applied

2

subsection (b) instead of (a) to enhance Walker's sentence by three levels. The guideline in its entirety provides as follows:

> "Official Victim
>
> If --
>
> (a) the victim was a government officer or employee; a former government officer or employee; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status; or
>
> (b) during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury,
>
> increase by 3 levels."

U.S.S.G. S 3A1.2 (emphasis added, bold in original). The district court then adopted the rest of the factual findings and guideline applications of the PSR and sentenced Walker to the lower end of the 77 to 96 month guideline range, supervised release of two to three years, a $200.00 special assessment, and to make restitution in the amount of $4,769.69. Walker now appeals the imposition of the section 3A1.2(b) enhancement to his sentence.

II.

A.

Walker does not dispute the facts elicited from witness testimony after the district court raised the possible applicability of section 3A1.2(b) at the sentencing hearing. He argues instead that the "corrections officer" in section 3A1.2(b) does not include cook/supervisor employees such as Wadeck. The issue here is one of statutory construction and subject to plenary review. United States v. Huff, 873 F.2d 709, 713 (3d Cir. 1989).

B.

As an initial matter, Walker argues on appeal that section 3A1.2(b) does not apply at all. For support, he cites an application note under that section, which provides in pertinent part:

> "Subdivision (b) applies in circumstances tantamount to aggravated assault against a law enforcement or corrections officer, committed in the course of, or in immediate flight following, another offense, such as bank robbery."

U.S.S.G. S 3A1.2 cmt. (n.5) (emphasis added). Based on the "another offense" language, Walker argues that the aggravated assault used as the base level offense cannot also be used to enhance his sentence.

We need not decide that because Walker's punishable conduct is more than the assault underlying the enhancement. Walker pleaded guilty to two offenses: impeding a federal officer by the aggravated assault, and possessing a prohibited object. Hence, Walker's assault on Wadeck was "committed in the course of . . . another offense," namely, the possession of a prohibited object. We conclude that the enhancement provisions apply if Wadeck meets the definition of "corrections officer." See United States v. Valdez-Torres, 108 F.3d 385, 390 (D.C. Cir. 1997).

C.

The thrust of Walker's argument, however, is that Wadeck was not a "corrections officer" within the meaning of section 3A1.2(b). "Corrections officer" is not defined in the commentary to this guideline, nor anywhere else in the Sentencing Guidelines. Moreover, it is not defined in title 18 of the U.S. Code or in the Code of Federal Regulations.

In support of the district court's implicit conclusion that Wadeck is a corrections officer, the governmentfirst highlights the special environment within a prison's walls. Next, it points out that "prison staff," defined as "any employee of the Bureau of Prisons," 28 C.F.R.S 500.1(b), have disciplinary authority, 28 C.F.R. S 541.10(b), and arrest authority, 18 U.S.C. S 3050. Nonetheless, these

4

factors are not dispositive of who is a "corrections officer" for purposes of this sentencing enhancement. Further, the government's characterization of the district court's conclusion that "all prison employees, who work in facilities and frequently interact with inmates, fall within the protection of Section 3A1.2(b)," is supported neither by citations to the record nor by legal authority.

According to Walker, there must be a distinction between an officer and an employee under the guidelines because section 3A1.2(a) refers to federal officers and employees, while subsection (b)'s coverage is limited to law enforcement and corrections officers. Walker submits that Wadeck was merely "a cook/supervisor employee . . . not a corrections officer." Walker notes that when section 3A1.2(a) was amended in 1992 to its present form, subsection (b) was not correspondingly amended, thus evincing an implied intent by the Sentencing Commission to exclude the additional types of officers and employees covered by subsection (a).

Walker's position finds some support in a general rule of statutory construction: one part of a statute will not be interpreted in such a way as to make another part meaningless or superfluous. See United States v. Powell, 6 F.3d 611, 614 (9th Cir. 1993); cf. United States v. Wong, 3 F.3d 667, 670 (3d Cir. 1993) (applying doctrine of "expressio unius est exclusio alterius"). Here, "government officer[s]" in section 3A1.2(a) must be a group distinct from "government . . . employee[s]," otherwise "government officer" would be superfluous. Similarly, a natural reading of the entire section indicates to us that "law enforcement or corrections officer[s]" is a subset of "government officer[s]." It follows then that corrections officers should also be considered a group distinct from other government employees.

This distinction between officers and employees is supported by other statutory and regulatory provisions. For example, the officer/employee distinction appears by reference in the criminal statute defining the offense to which Walker pleaded guilty, 18 U.S.C. S 111. That statute protects "any person designated in section 1114 of this title while engaged in or on account of the performance of

official duties . . . ." 18 U.S.C. S 111(a)(1). At the time of the assault, July 30, 1996, section 1114 included:

> "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) . .. or any person assisting such an officer or employee in the performance of such [official] duties . . . ."

18 U.S.C. S 1114 (emphasis added).

The officer/employee distinction is also apparent in statutes pertaining to the Bureau of Prisons. The Attorney General has the authority to appoint a director of the Bureau of Prisons and "may appoint such additional officers and employees as he deems necessary." 18 U.S.C. S 4041 (emphasis added). Under another statute, "[t]he control and management of Federal penal and correctional institutions, except military or naval institutions, shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws, the Classification Act, as amended and the applicable regulations." 18 U.S.C. S 4001(b) (emphasis added).

Walker's argument that the term "corrections officer" does not encompass employees such as Wadeck finds further support in the Office of Management and Budget's Proposed 1997 Standard Occupational Classification Manual. There, Correctional Officers and Jailers perform the following functions:

> "Guard inmates in penal or rehabilitative institution in accordance with established regulations and procedures. May guard prisoners in transit between jail, courtroom, prison, or other point. Include deputy sheriffs and police who spend the majority of their time guarding prisoners in correctional institutions."

(visited July 1, 1998) http://stats.bls.gov/soc/soc_5360.htm>. Also, the Department of Labor describes a "correction officer" as one who:

> "[g]uards inmates in penal institution in accordance with established policies, regulations, and procedures: Observes conduct and behavior of inmates to prevent

6

disturbances and escapes. Inspects locks, window
bars, grills, doors, and gates for tampering. Searches
inmates and cells for contraband articles. Guards and
directs inmates during work assignments. Patrols
assigned areas for evidence of forbidden activities,
infraction of rules, and unsatisfactory attitude or
adjustment of prisoners. Reports observations to
superior. Employs weapons or force to maintain
discipline and order among prisoners, if necessary.
May escort inmates to and from visiting room, medical
office, and religious services. May guard entrance of jail
to screen visitors. May prepare written report
concerning incidences of inmate disturbances or
injuries. May be designated according to institution as
Correction Officer, City Or County Jail; Correction
Officer, Penitentiary; Correction Officer, Reformatory.
May guard prisoners in transit between jail, courtroom,
prison, or other point, traveling by automobile or
public transportation and be designated Guard,
Deputy."

1 U.S. Dep't of Labor, Dictionary of Occupational Titles 268
(4th ed. rev. 1991) (parenthetical notations omitted). We are
convinced that a "corrections officer," as referenced in
section 3A1.2(b), is a person distinct from other prison
employees.

Finally, our jurisprudence counsels us to apply the
commonly used definition of words not defined in the
Sentencing Guidelines. See United States v. Brannan, 74
F.3d 448, 453 (3d Cir. 1996). Applying the procedure
utilized in Brannan, we find "correction" defined as "the
treatment and rehabilitation of offenders through a
program involving penal custody, parole, and probation."
Webster's Ninth New Collegiate Dictionary 293 (1988).
"Officer" is defined as "one charged with police duties" and
"one who holds an office of trust, authority, or command,"
id. at 820, while "employee" is defined as "one employed by
another usu[ally] for wages or salary and in a position
below the executive level," id. at 408.

Based upon the above, we hold that for purposes of
applying section 3A1.2(b), a "corrections officer" is any
person so titled, any person, however titled, who spends

7

significant time guarding prisoners within a jail or correctional institution or in transit to or from or within a jail or correctional institution, and all other persons assaulted while actually engaged in guarding prisoners. The Presentence Investigation Report identifies Wadeck as a cook/supervisor who was the immediate supervisor of inmate employees in the prison kitchen. (PSR P4, at 5.) Later references in the PSR report characterize Wadeck both as a corrections officer, (PSR P11, at 5; PSR Add. at 19), and as an employee, (PSR P22, at 7). At the sentencing hearing, the government referred to Wadeck as a government employee before the district court raised this issue. However, at one point during his testimony, Walker characterized Wadeck as "a cop."

Special Investigative Agent Nelson Aponte testified that all Bureau of Prisons employees, including chaplains, psychologists, and cooks like Wadeck, receive the same correctional training, and that when an incident occurs, "You respond as a corrections officer first, and then your specialty, whether it be psychology, food service, chaplain. When the call for assistance is sounded, you respond as a correctional officer to the situation." On cross examination, Aponte testified that some employees are titled as correctional officers and some are not.

None of this, however, is very helpful in defining Wadeck's status for Sentencing Guideline purposes. If Wadeck's title is "corrections officer," if he spends significant time guarding prisoners, or if he was, at the time of the assault, actually engaged in guarding prisoners, then he is entitled to the extra protection afforded an official victim, and Walker is subject to the enhancement provisions designed to do just that. If "corrections officer" is to have meaning apart from "government employee," and we conclude that it must, then Wadeck is not a corrections officer according to this record. First, there is no evidence that Wadeck held the title of Corrections Officer. Second, nothing in the record indicates that Wadeck spent a significant amount of time guarding inmates or that he was actually doing so at the time of the assault. Finally, the PSR contains internal conflicts as to Wadeck's status; thus, without more, the district court and the government err by relying on the factual findings therein.

8

III.

In sum, we hold that the district court used the appropriate guideline. Nonetheless, we will reverse and remand for resentencing because the district court used an incorrect definition of "corrections officer." On remand, if the government believes it has evidence sufficient to qualify Wadeck as a corrections officer, the district court may decide to conduct further fact-finding and, applying our definition of corrections officer, see if Walker is subject to the section 3A1.2(b) "Official Victim" enhancement. See United States v. Dickler, 64 F.3d 818, 832 (3d Cir. 1995) (district courts are in the best position to determine the fairness of further fact finding at resentencing). Otherwise, it must resentence Walker without it.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

9