

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2002

# USA v. Martin

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Martin" (2002). *2002 Decisions*. Paper 712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 01-2265

———

UNITED STATES OF AMERICA

v.

CLINTON R. MARTIN,

Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cr-00182)
District Judge:  Hon. John C. Lifland

———

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2002

Before:  SLOVITER, FUENTES, Circuit Judges
and FULLAM,* District Judge

(Filed: November 7, 2002)

———

OPINION OF THE COURT

———

* Hon. John P. Fullam, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

Clinton Martin, who was charged with violating 18 U.S.C. § 111(a) and (b), was found guilty by a jury of assaulting FBI Special Agent Raymond Lovett (Count 1), and was acquitted of assaulting Deputy Marshal Nicholas Martinez (Count 2). Martin was sentenced to the statutory maximum of 120 months of imprisonment and was ordered to pay a $1,500 fine. His appeal is limited to sentencing issues. Because this is a nonprecedential opinion of interest only to the parties, we will not review the facts except insofar as they are relevant to the issues.

Martin's automobile was stopped at an intersection in Newark behind an unmarked vehicle carrying members of the Violent Crimes Fugitive Task Force, an organization comprised of FBI agents, U.S. Marshals, and local police officers, when another Task Force vehicle pulled alongside of Martin. Lovett and Martinez, in separate Task Force vehicles, noticed that Martin's car had no rear license plate and exited their vehicles to investigate. Martinez tapped on the window of Martin's car motioning him to roll down the window. Lovett approached from the front, wearing a cap with an FBI emblem and a jacket with "FBI" in three inch gold letters on the front and six to eight inches on the back.

Martin reversed his vehicle, allegedly driving over Deputy Martinez's foot, then drove his car directly into Agent Lovett, who landed on the hood of the car and finally fell to the ground. Lovett was taken to the hospital where x-rays showed he had no broken bones and he was treated for injuries to his legs and back.

Martin fled the scene, thereby engaging the Task Force and a marked cruiser with

activated headlights and sirens in a seventy-minute high speed chase through Newark. The

pursuit, which involved speeding and running red lights and stop signs, ended in Martin's

escape.

When Martin was apprehended, he admitted owning and driving the car on the day in

question. He claimed that he had been intoxicated, did not realize that the people who

stopped him were officers, and thought he was being robbed. The jury, in response to

supplemental questions, determined that Martin used a deadly or dangerous weapon in

committing the offense and that he had inflicted bodily injury on Agent Lovett. Martin was

sentenced according to § 2A2.2 of the United States Sentencing Guidelines, which applies

to cases involving aggravated assault. He also received a 3 level "Official Victim"

enhancement under § 3A1.2.

Martin argues on appeal that he should have been sentenced under § 2A2.4 rather

than § 2A2.2. Violations of 18 U.S.C. § 111 may be sentenced pursuant to § 2A2.2 or §

2A2.4. Section 2A2.2 applies to aggravated assault convictions, defined in the application

notes as a felonious assault that involved (A) a dangerous weapon with intent to cause

bodily harm (i.e., not merely to frighten) with that weapon, (B) serious bodily injury, or (C)

an intent to commit another felony. Section 2A2.4 applies to convictions of obstructing or

impeding officers. If § 2A2.4 were applied, there could be no "Official Victim"

enhancement, as it is already accounted for in § 2A2.4, and the Total Offense Level would

be 24, yielding a sentencing range of 100 to 125 months. The range for Level 27 is 130 to

162 months.

Martin argues that there was no "serious bodily injury," that the crime was not committed with the intent to commit another felony, and that neither the pre-sentence report nor the evidence supports the conclusion that he intended to cause bodily injury but sought only to escape from the officers, which was at most reckless.

Because Martin did not raise the sentencing issues on which he appeals in the District Court, we review for plain error. See United States v. Reynoso, 254 F.3d 467, 469 (3d Cir. 2001). We find none. Here, it was not plain error to sentence Martin under § 2A2.2 because the evidence presented at trial showed that he used a dangerous weapon (an automobile) when he intentionally struck down a federal agent with his vehicle with the intent to do bodily harm. There was no evidence that Martin was merely trying to escape what he perceived was a robbery. Instead, there was evidence that he looked at both officers before striking Agent Lovett.

This is not a case like United States v. Knight, 266 F.3d 203 (3d Cir. 2001), where the Court of Appeals remanded because the defendant had been incorrectly sentenced as a level VI offender rather than V, and the government conceded plain error based on the erroneous level VI designation. Here, the government vigorously defends the sentence and the use of U.S.S.G. § 2A2.2, and we agree. The jury could reasonably conclude as it did.

Martin also argues that it was plain error to apply a § 3A1.2 "Official Victim" enhancement. An "Official Victim" enhancement applies when: "(a) the victim was a government officer . . . and the offense of conviction was motivated by such status; or (b) during the course of the offense or immediate flight therefrom, the defendant . . . knowing

or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of bodily injury[.]" U.S.S.G. § 3A1.2.

In defending the application of U.S.S.G. § 3A1.2(b), the government argues that Martin does not dispute that he had reasonable cause to believe that Lovett was a law enforcement agent. Martin's principal argument as to the enhancement is that § 3A1.2(b) requires that the assault of the federal officer occurred while the defendant was committing another offense. This court has not decided whether another offense is required to satisfy the second prong. See United States v. Walker, 149 F.3d 238, 240 (3d Cir. 1998) (mentioning but not deciding this issue). The circuits are divided. Compare United States v. Farrow, 198 F.3d 179, 198-99 n.18 (6th Cir. 1999), and United States v. Valdez-Torres, 108 F.3d 385, 390 (D.C. Cir. 1997), with United States v. Jennings, 991 F.2d 725, 734 (11th Cir. 1993). However, because there is no controlling authority from this court or the Supreme Court, the District Court did not commit plain error in applying the enhancement. See, e.g., United States v. Alli-Balogun, 72 F.3d 9, 12 (2d Cir. 1995).

Even if the government were relying on § 3A1.2(a) for the "Official Victim" enhancement which does require motivation that the victim was a law enforcement officer, there was adequate basis in the record to so find. Martin argues that there was no finding that his conduct was motivated by the fact that Lovett was a federal officer and that such a conclusion is not supported by the facts. If Martin had objected on this ground, we are confident that the District Court would have made explicit findings regarding Martin's

5

motivation.  We will not fault the District Court in light of Martin's failure to object.

In summary, the sentencing judge did not commit plain error by sentencing Martin under § 2A2.2 for aggravated assault or by applying the "Official Victim" enhancement under § 3A1.2.

For the reasons set forth, we will affirm the judgment of conviction and sentence.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge