21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald J. KLUMP, Defendant-Appellant.
 No. 93-30040.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1994.
Decided April 22, 1994.
 
 Before: WRIGHT, TANG and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald J. Klump appeals his sentence under the Sentencing Guidelines. He objects to a three-point enhancement for an official victim under U.S.S.G. Sec. 3A1.2. We hold that under the circumstances of this case, an official victim enhancement was improper. We reverse and remand for resentencing.
 
 1. BACKGROUND
 
 3
 Klump, a felon, was an informant for Agent Hart of the Bureau of Alcohol, Tobacco and Firearms. When word leaked out that he was a snitch, he telephoned agent Hart and threatened his life. The district court found that he was in possession of a handgun when he made the threat.
 
 
 4
 Klump was convicted for being a felon in possession of firearm, 18 U.S.C. Sec. 922(g), and for threatening to kill an employee of the United States, 18 U.S.C. Sec. 115(a). His felon-in-possession offense level was enhanced four points under U.S.S.G. Sec. 2K2.1(a)(5) because he used the gun "in connection with" another felony, in this case violating 18 U.S.C. Sec. 115(a). This was enhanced three more points under U.S.S.G. Sec. 3A1.2 because there was an official victim, Agent Hart.[1]
 
 2. ANALYSIS
 
 5
 Although the record is unclear whether the district court enhanced Klump's offense level under Sec. 3A1.2(a) as argued by Klump, or Sec. 3A1.2(b), neither subsection applies.
 
 
 6
 a. Sec. 3A1.2(a)--Official Status
 
 
 7
 Subsection (a) provides a three-point enhancement if:
 
 
 8
 (a) the victim was a government officer or employee; a former government officer or employee; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status; ....
 
 
 9
 U.S.S.G. Sec. 3A1.2(a) (1992). This subsection requires a linkage between the victim's official status and the offense for which the defendant was convicted. See, e.g., United States v. McAninch, 994 F.2d 1380, 1386 (9th Cir.) (threatening communication to President Bush warranted Sec. 3A1.2(a) enhancement because threat "inherent[ly]" related to status as President), cert. denied, 1993 WL 303752 (1993); United States v. Hunter, 985 F.2d 1003, 1007-08 (9th Cir.1993) (enhancement under Sec. 3A1.2(a) appropriate when offense of conviction was threatening lives of federal judges for role played in defendant's prior incarceration); United States v. Sanchez, 914 F.2d 1355, 1364 (9th Cir.1990) (enhancement affirmed where trial court found that defendant knew victim "was federal officer and that the assault was motivated by that knowledge.").[2]
 
 
 10
 Klump's possession of the gun (his offense of conviction) was not "motivated by" Hart's status as an ATF agent. It was motivated by Klump's own status as an uncloaked snitch who was afraid for his life, or because he wanted revenge on whoever leaked the potentially deadly information about him to the Gypsy Jokers, or both. See also Powell, 6 F.3d at 613 (offense of conviction, felon in possession, clearly "not motivated by the official status" of victim whom defendant assaulted).
 
 
 11
 b. Sec. 3A1.2(b)--Official Assault
 
 
 12
 The Guidelines alternatively allow enhancement if:
 
 
 13
 (b) during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury.
 
 
 14
 U.S.S.G. Secs. 3A1.2(a) & (b). Klump argues that this subsection cannot apply because being a felon in possession of a firearm is a victimless crime.
 
 
 15
 In theory, that is true. Powell, 6 F.3d at 613 (citing United States v. Barron-Rivera, 922 F.2d 549, 555 (9th Cir.1991) (18 U.S.C. Sec. "922(g) protects society against those determined unqualified to possess firearms.")). But if there is an official victim in fact, then an enhancement is appropriate. Id. The victim must be a law enforcement officer assaulted "in a manner creating a substantial risk of serious bodily injury." U.S.S.G. Sec. 3A1.2(b). And the illegal possession must occur in close temporal proximity to the assault. Id.[3]
 
 
 16
 Even if Klump possessed the gun at the time he called Hart, threatening Hart by telephone was not the type of "assaultive conduct" contemplated by the Guidelines.[4] The oral threat was not "tantamount to aggravated assault" or "sufficiently serious to create at least a 'substantial risk of serious bodily injury.' " It created only a contingent risk of harm to Hart. Any actual risk was not temporally proximate to Klump's possession of the firearm.
 
 
 17
 Because we hold that enhancing Klump's sentence under Sec. 3A1.2(a) was inappropriate, we need not address his other arguments.
 
 
 18
 REVERSED and REMANDED for resentencing without a Sec. 3A1.2 enhancement to the felon-in-possession offense.
 
 
 19
 REINHARDT, Circuit Judge, concurring specially:
 
 
 20
 I believe that the district court did not clearly err in finding that Klump's possession of the gun was "motivated by" Agent Hart's official status.[1] Indeed, the district court's finding was clearly correct. Klump had the gun because he believed that Agent Hart, whose official duties he had assisted as an informant, had leaked his identity to the Gypsy Jokers. His possession of the gun was motivated by actions he believed Hart had taken when carrying out his official responsibilities. Thus, it was motivated by Hart's official status.
 
 
 21
 Because I think it clear that Klump's possession of the gun was motivated by Hart's official status, I cannot join in my colleagues' analysis with respect to U.S.S.G. Sec. 3A1.2(a). However, I concur in the result because the adjustment described in Sec. 3A1.2(a) applies only where there is a "victim" of the offense of conviction, and there can never be a "victim" of the felon-in-possession offense set forth in 18 U.S.C. Sec. 922(g). As we held in United States v. Barron-Rivera, 922 F.2d 549 (9th Cir.1991), this offense is a " 'victimless' crime" for purposes of the sentencing guidelines. Id. at 554-55. Section 922(g) does not serve to protect the interests of any particular individuals; rather, it "protects society against those determined unqualified to possess firearms." Id. at 555. See also United States v. Morrow, 925 F.2d 779, 782 (4th Cir.1991) ("If there is a victim for violation of 18 U.S.C. Sec. 922(g)(1), it is society."). Because no identifiable individual--no "victim"--is injured or targeted by the offense of being a felon in possession of a firearm, the adjustment set forth in Sec. 3A1.2(a) does not apply to that offense.[2]
 
 
 22
 I should note that the majority is correct in stating that the adjustment set forth in Subdivision (b) of Sec. 3A1.2 can be applied in a felon-in-possession case. That provision, unlike Subdivision (a), does not require that the offense of conviction have a "victim." Rather, it focuses on the defendant's conduct and applies whenever a defendant assaults a law enforcement officer "during the course of the offense or immediate flight therefrom." U.S.S.G. Sec. 3A1.2(b). However, I agree with my colleagues that this case does not involve an assault which meets the standards of Sec. 3A1.2(b).
 
 
 23
 Because U.S.S.G. Sec. 3A1.2(a) does not apply to a victimless crime such as a felon-in-possession offense, and because the facts in this case do not warrant an adjustment under Sec. 3A1.2(b), I concur in the result.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Klump appeals neither his convictions nor the enhancement under Sec. 2K2.1(a)(5). He appeals only the 3-point enhancement under Sec. 3A1.2. We review de novo the district court's legal interpretation of the Sentencing Guidelines, United States v. Powell, 6 F.3d 611, 612 (9th Cir.1993), and for clear error its factual findings, id
 
 
 [2]
 Klump also argues that Application Note 3 to Sec. 3A1.2 limits application of subsection (a) to offenses sentenced under Chapter Two, Part A of the Guidelines. United States v. Williams, No. 93-10134, slip op. 255, 258 (9th Cir. Jan. 11, 1994). Not so. Only if a guideline used to sentence the defendant (Sec. 2K2.1(b)(5)) "specifically incorporates official victim status in its base offense level" is further enhancement under Sec. 3A1.2 prohibited. Williams, slip op. at 258. Because Sec. 2K2.1(b)(5) does not specifically incorporate official victim status, enhancement under Sec. 3A1.2 is not prohibited
 
 
 [3]
 We review for clear error whether an assault occurred. Powell, 6 F.3d at 613 n. 2 (affirming three-point enhancement to felon-in-possession sentence because Powell approached police officer, gun in hand and raising it as if to shoot)
 
 
 [4]
 In interpreting the Guidelines, the court "must apply the Commentary unless it is inconsistent with the Guidelines" or violates the Constitution. Powell, 6 F.3d at 613 (citing Stinson v. United States, 113 S.Ct. 1913, 1915 (1993)). U.S.S.G. Sec. 3A1.2(b), comment. n. 5 & 6 (emphasis added), provides:
 
 
 [5]
 Subdivision (b) applies in circumstances tantamount to aggravated assault against a law enforcement or corrections officer, committed in the course of, or in immediate flight following, another offense, such as bank robbery. While this subsection may apply in connection with a variety of offenses that are not by nature targeted against official victims, its applicability is limited to assaultive conduct against law enforcement or corrections officers that is sufficiently serious to create at least a "substantial risk of serious bodily injury" and that is proximate in time to the commission of the offense
 
 
 [6]
 The phrase "substantial risk of serious bodily injury" in subdivision (b) is a threshold level of harm that includes any more serious injury that was risked, as well as actual serious bodily injury (or more serious harm) if it occurs
 
 
 [1]
 We review findings of fact made at the sentencing phase for clear error. See United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992)
 
 
 [2]
 This reading of Sec. 3A1.2(a) is consistent with United States v. Powell, 6 F.3d 611 (9th Cir.1993), which is the only Ninth Circuit case even to suggest that Sec. 3A1.2(a) applies to felon-in-possession offenses. In Powell, the court disposed of the Sec. 3A1.2(a) issue in a single sentence: "Subdivision (a) is clearly inapplicable because the 'offense of conviction,' felon in possession of a firearm, was not motivated by the official status of the law enforcement officer." Id. at 613. Because the defendant's possession of the firearm was not motivated by the law enforcement officer's official status, the Powell court resolved the issue without considering whether the officer was a "victim" of the felon-in-possession offense. Here, Klump's offense was clearly motivated by Hart's official status. Thus, we must face the issue the Powell court was able to avoid: whether there can ever be a "victim" of a felon-in-possession offense