# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4163

_____

United States of America,     *
                              *

           Appellee,     *

                              *       Appeal from the United States

    v.                       *       District Court for the

                              *       District of South Dakota.

Christopher Todd Drapeau,     *

                              *

           Appellant.     *

_____

Submitted: October 23, 1998
Filed: August 20, 1999

_____

Before McMILLIAN and HANSEN, Circuit Judges, and KYLE,[1] District Judge.

_____

HANSEN, Circuit Judge.

Christopher Todd Drapeau pleaded guilty to one count of unlawfully making a firearm in violation of 26 U.S.C. § 5861(f) (1994). The district court[2] sentenced Drapeau to 120 months' imprisonment, the statutory maximum sentence. On appeal

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

from Drapeau's sentence, a prior panel affirmed in part, reversed in part, and remanded to the district court for additional findings related to application of a three-level enhancement under United States Sentencing Guideline §3A1.2(a) (1995) (official victim enhancement).  See United States v. Drapeau, 121 F.3d 344 (8th Cir. 1997).  On remand, the district court again sentenced Drapeau to 120 months' imprisonment. Drapeau appeals his resentence, and we affirm.

## I.

The factual background of this case is set forth in this court's prior decision.  See Drapeau, 121 F.3d at 345-47.  The following is a brief summary.  In December 1995, Drapeau and several friends were consuming alcohol when Drapeau stated that he wanted to "get" Joe Sazue, a local tribal police officer who had recently arrested a relative of Drapeau.  Under Drapeau's direction, the group proceeded to make at least four firebombs, each made from gasoline, liquid dish soap, a cloth wick, and a glass bottle.  After testing two of the firebombs, one of which ignited and sustained a fire, Drapeau directed two of his cohorts to firebomb Officer Sazue's car, which was parked in the driveway of Officer Sazue's home.  The two individuals used two firebombs in an attempt to destroy the car.  Although they lit the wicks of both firebombs, neither ignited.  The next morning, Officer Sazue discovered one firebomb still intact and the broken remains of the other on his driveway.

Drapeau was charged with unlawfully making and unlawfully possessing a firearm.  He initially pleaded not guilty and proceeded to trial.  After one day of trial, at which one of his coconspirators testified against him, Drapeau changed his plea and entered a plea of guilty to Count I of the indictment, charging him with unlawfully making a firearm in violation of 26 U.S.C. § 5861(f).  At sentencing, the district court applied USSG § 3A1.2(a), which provides in relevant part: "If . . . the victim was a government officer or employee . . . and the offense of conviction was motivated by such status . . .increase by 3 levels."

2

Drapeau appealed. A panel of this court affirmed in part and, on the basis of the section 3A1.2(a) enhancement, reversed in part and remanded the case for further proceedings. Upon reviewing the sentencing transcript, the panel found it apparent that the district court applied section 3A.1.2(a) "because of Drapeau's conduct after he constructed the firebombs–specifically, Drapeau's attempt to commit arson against Officer Sazue's property." Drapeau, 121 F.3d at 348. After carefully examining the language of the guideline, its commentary, and a related guideline provision, the panel held that "[USSG] § 3A1.2(a)'s enhancement is proper only where a government official is the victim of a defendant's offense of conviction. Because § 3A1.2 specifies that only the offense of conviction is to be considered, the district court erred in considering other relevant conduct." Id. at 349 (citing USSG § 1B1.3(a)). In other words, the panel held that, for purposes of applying the section 3A1.2(a) enhancement, the district court should only have considered whether Officer Sazue was a victim of Drapeau's conduct in unlawfully making the firebombs, not his other relevant conduct such as attempted arson. The panel recognized that "[t]his appears to be, almost, a question of first impression." Id. at 349 n.3.[3]

The panel remanded the case to the district court "for a determination of whether Officer Sazue was a victim of Drapeau's offense of conviction." Id. at 349. The panel explained that remanding the case to the district court was the appropriate course of action because "[w]hether Officer Sazue was a victim of Drapeau's violation of [26 U.S.C.] § 5861(f) is a question of fact for the district court to answer in the first instance." Id.

Following the remand, the district court held a hearing and gave each party an opportunity to present additional evidence and oral argument. Each party declined to

---

[3] The panel noted and discussed Judge Reinhardt's concurring opinion in an unpublished Ninth Circuit per curiam decision, United States v. Klump, 1994 WL 143943 (9th Cir. 1994). See Drapeau, 121 F.3d at 349 n.3.

3

present additional evidence. After hearing the parties' oral arguments, the district court made an express finding, based on the evidence at trial and at the original sentencing hearing, "that Officer Sazue was a victim of the offense of conviction, namely, the violation of Section 5861(f)." (Resentencing Tr. at 9 (Nov. 10, 1997).) The district court stated the "factual basis" for its conclusion as follows:

> I find specifically that Mr. Drapeau told the other participant that he wanted to "get" Joe Sazue, a local police officer. They obviously targeted Mr. Sazue because of Mr. Sazue's official status as the police officer who had arrested other members of Mr. Drapeau's family or, at least, one other member of Mr. Drapeau's family previously. He was the target and he was the reason these firebombs were constructed and possessed by this defendant.

> This offense of making the firebomb was, as I've indicated, motivated by Officer Sazue's status as a police officer and he was the victim. He was a government official.

Id.

The district court sentenced Drapeau to 120 months' imprisonment, three years of supervised release, a special assessment of $50, and a fine of $1,000 (the same sentence as previously imposed) and entered judgment. Drapeau timely filed the present appeal.

## II.

"The district court's interpretation of the Sentencing Guidelines is a question of law subject to de novo review, while its factual determinations are subject to review only for clear error." United States v. Larson, 110 F.3d 620, 627 (8th Cir. 1997).

4

Section 3A1.2(a) requires a three-level enhancement if the victim of the crime of conviction was a government official, and the crime of conviction was motivated by the victim's status as a government official. See USSG §3A1.2(a); Drapeau, 121 F.3d at 349. The prior panel plainly stated that "[USSG] § 3A1.2(a)'s enhancement is proper only where a government official is the victim of a defendant's offense of conviction." Drapeau, 121 F.3d at 349 (emphasis added). Thus, the panel held that the district court erred when it considered other relevant conduct in assessing the three-level enhancement pursuant to section 3A1.2(a). Id. This holding is not only the law of the case, but is also now the law of this circuit unless changed by the Eighth Circuit en banc or by the Supreme Court. Our task in this appeal is to determine whether the district court clearly erred on remand when it found that Officer Sazue was the victim of Drapeau's crime of conviction--unlawfully making a firearm.

Drapeau argues that, as a legal matter, his section 5861(f) offense may not be the basis for applying the "official victim" enhancement because there can be no victim of making a bomb. Certainly if one of the bombs exploded during its construction, injuring one of Drapeau's cohorts, the cohort would be a "victim" of making the bomb. Further, firebombs are inherently dangerous. There is no peaceful purpose for making a bomb. Felony offenses that involve explosives qualify as "violent crimes" for purposes of enhancing the sentences of career offenders. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining a "violent felony" as: "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves use of explosives"). Courts have found possession of a bomb to be a crime of violence based on the lack of a nonviolent purpose for a bomb and the fact that, by its very nature, there is a substantial risk that the bomb would be used against the person or property of another. See United States v. Newman, Nos. 97-1294, 97-1295, 1997 WL 603740, at *1 (10th Cir. Oct. 1, 1997) (unpublished) (holding that possession of a pipe bomb is a crime of violence for purposes of 18 U.S.C. § 3142(f)(1)); United States v. Dodge, 846 F. Supp. 181, 183-84 (D. Conn. 1994) (same for purposes of 18 U.S.C. § 3156(a)(4)(B)). We agree with this

5

assessment. Because a crime of violence necessarily contemplates a victim, we reject Drapeau's contention that making a bomb is a victimless crime.[4]

We now turn to the question of whether the district court clearly erred in its finding that Officer Sazue was a "victim" of making the firebombs. Because the Sentencing Guidelines do not define the term "victim," we look to the term's plain and ordinary meaning in interpreting the Guidelines. See United States v. Honken, Nos. 98-1833, 98-1952, 1999 WL 493081, *7 (8th Cir. July 9, 1999) (citing Chapman v. United States, 500 U.S. 453, 454 (1991)). We also construe the term by looking at how it has been interpreted in other sections of the Guidelines. See id. at *8. Black's Law Dictionary defines "victim" as "[t]he person who is the object of a crime or tort, as the victim of a robbery is the person robbed." Black's Law Dictionary 1085 (Abr. 6th ed. 1990). The term "object" is then defined as the "[e]nd aimed at, the thing to be accomplished; the aim or purpose." Id. at 740.

---

[4] Our position is not inconsistent with Judge Reinhardt's concurring opinion in Klump, where he concluded that being a felon in possession of a firearm was a victimless crime. See Klump, 1994 WL 143943, at *2. The offense of being a felon-in-possession of a firearm focuses on society's determination that certain individuals--felons--are unqualified to possess firearms, even for lawful purposes. See United States v. Baeza-Suchil, 52 F.3d 898, 900 (10th Cir. 1995). The offense of unlawfully making a bomb, however, focuses on the inherent dangerousness of, and lack of a legitimate purpose for, the bomb itself. See Dodge, 846 F. Supp. at 184. See also United States v. Fortes, 141 F.3d 1, 7-8 (1st Cir.) (holding that possession of a sawed-off shotgun under 26 U.S.C. § 5861(d) is a crime of violence and noting that Congress found certain firearms--sawed-off shot guns and grenades--to be inherently dangerous and lacking in usefulness other than for violent and criminal purposes), cert. denied, 118 S. Ct. 2387 (1998); United States v. Montalvo, No. 92-30300, 1993 WL 478403, at *3 (9th Cir. Nov. 18, 1993) (unpublished) (refusing to group possession of a sawed-off shotgun with felon-in-possession charges because the first was a crime of violence while the latter was not).

The thing to be accomplished by Drapeau's offense of making the firebomb was a firebomb. The aim or purpose of making the firebomb, however, was to "get" Officer Sazue. Thus, within the plain and ordinary meaning of the term "victim," "the person who is the object[, or purpose,] of [Drapeau's] crime" of unlawfully making a firearm is Officer Sazue. Cf. United States v. Terry, 142 F.3d 702, 711-12 (4th Cir. 1998) (defining "victim" for purposes of a § 5K2.3 enhancement, which also applies only to victims of the offense of conviction, to include indirect victims, based on the victim's relationship to the offense), petition for cert. filed, (U.S. June 11, 1999) (No. 98-9790); United States v. Hildebrandt, 961 F.2d 116, 119 (8th Cir.) (holding that various law enforcement personnel and judges were "victims" of the crime of making false statements to a government agency for purposes of §3A1.2(a) where the defendant made false statements about the officials to the IRS; causing the IRS to investigate the officials "certainly had the effect of making these individuals [the defendant's] victims"), cert. denied, 506 U.S. 878 (1992).

Drapeau argues that there was no victim because no person or property was injured or damaged. However, an individual need not be harmed, or even knowledgeable of the crime, to be a victim. See United States v. Polk, 118 F.3d 286, 298 (5th Cir.) (holding a § 3A1.2(a) enhancement applicable to solicitation and attempt to blow up an IRS building although the plan was never carried out), cert. denied, 118 S. Ct. 456 (1997); United States v. McCaleb, 908 F.2d 176, 179 (7th Cir. 1990) ("Nothing in the . . . guidelines requires that the victim be harmed or made aware of the threat."). It is enough that the intended victim of the crime was a government official. Cf. United States v. Duran, 891 F. Supp. 629, 633 (D. D.C. 1995) (holding that a § 3A1.2(a) enhancement was appropriate for attempted murder of the president although the defendant mistakenly shot at a look-a-like).

As found by the district court, Drapeau and his cohorts had one purpose in mind when they made the firebombs--to "get" Officer Sazue. That was the sole motive for the offense of conviction--making the bomb. Without Officer Sazue as the target for

7

the firebombs, the bombs would never had been constructed; there would have been no section 5861(f) offense. The three-level enhancement for an official victim reflects the seriousness of an offense targeted at a government official. See McCaleb, 908 F.2d at 179. The enhancement punishes and deters crimes targeted at, i.e., intended for, government officials and motivated by that status. When an individual illegally makes a bomb for the sole aim and purpose of retaliating against a police officer who arrested a relative, the three-level enhancement most assuredly applies. We certainly cannot say that the district court clearly erred in finding that Officer Sazue was the victim of Drapeau's actions of making the firebombs.

Because we conclude that the district court's factual finding is supported by the record, we reject Drapeau's contention that the district court implicitly based the official victim enhancement on conduct that followed the making of the firebomb, namely, the attempted arson. The district court so erred in the first appeal, for which the prior panel remanded the case for a new factual determination. During the resentencing hearing, the district court repeated the prior panel's statement that "'[w]e agree with the district court that Officer Sazue was very much a victim of Drapeau's conduct.'" (Resentencing Tr. at 7-8 (quoting Drapeau, 121 F.3d at 348).) The district court clearly understood that it was to focus only on the offense of conviction, i.e., constructing the firebomb, which it did. On remand, the district court explicitly stated, "I am considering only the offense of conviction and not other relevant conduct, including what he did afterwards." (Resentencing Tr. at 9.) The district court found "that Officer Sazue was the victim, the intended victim by this defendant when he made the firebombs . . . . Therefore, it makes no difference what he did with the firebombs after he had them . . . ." (Id. at 11.) Thus, the district court correctly looked only to the offense of conviction in making its factual finding that Officer Sazue was the victim of Drapeau's illegal bomb-making activities.

### III.

8

For the foregoing reasons, we affirm the district court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.