# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3697

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| James Goolsby, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2000

Filed: April 19, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and ROSENBAUM,* District Judge.

_____

PER CURIAM.

A jury convicted James Goolsby of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base and acquitted him of attempting to kill a grand jury witness. Goolsby was sentenced to concurrent terms of life imprisonment. On appeal, Goolsby raises several challenges to his conviction and sentence. We affirm.

_____

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

First, Goolsby claims the district court abused its discretion in denying Goolsby's motion for a mistrial because his cell mate's testimony impermissibly informed the jury of the murder charge pending against Goolsby in state court. See United States v. Davidson, 122 F.3d 531, 538 (8th Cir. 1997) (standard of review). We disagree. At trial, Goolsby's prison cell mate testified about phone calls Goolsby made from their cell to an unknown party in an attempt to find out what his ex-girlfriend was going to tell a grand jury and to "see if they could get her to change her statement about - about the murder charge." The challenged testimony was a single, brief statement that vaguely referred to "the murder charge," but did not link the charge to Goolsby and could have been cured with a jury instruction, which Goolsby declined. See id. (brief, vague statement cured by jury instruction); United States v. Lowrimore, 923 F.2d 590, 592-93 (8th Cir. 1991) (vague statement that does not link defendant to crime cured by jury instruction). We conclude the district court did not abuse its discretion in denying a mistrial.

Second, Goolsby claims he is entitled to a new trial because the trial judge unfairly mitigated damage to the Government's case when it instructed a reluctant and soft spoken witness to speak louder. Again, we disagree. We "'balance and weigh the comments of the judge against the overall fairness of the trial'" to determine whether Goolsby was adversely affected. United States v. Van Dyke, 14 F.3d 415, 417-18 (8th Cir. 1994) (citation omitted). Here, the trial judge made a single remark in the presence of the jury telling the witness:

> if you would either look at me or look over at the jury, we can understand
> you a lot better. When you are talking down, over half your voice just
> goes down there and we don't hear it. You don't have to – you don't talk
> that loud anyway. Just look at me when you talk.

We do not believe the statement was prejudicial, but even assuming it was, it did not affect overall fairness in a way that would require a new trial.

Third, we reject Goolsby's meritless claim that the district court's drug quantity calculation is clearly erroneous because it is based on incorrect information in the presentence investigation report. See United States v. Ortega, 150 F.3d 937, 945 (8th Cir. 1998) (standard of review), cert. denied, 119 S. Ct. 837 (1999). Because the judge who sentenced Goolsby also presided over Goolsby's trial, the judge could and did base his findings of fact at sentencing on the trial record. See id. In determining what weight to give trial testimony, the court "is free to believe all, some, or none of [it]." United States v. Candie, 974 F.2d 61, 65 (8th Cir. 1992). At trial, witnesses testified to seeing Goolsby purchase a minimum of two kilograms of cocaine base and one kilogram of cocaine powder and to seeing Goolsby sell approximately one to one and a half kilograms of crack cocaine per month for just over a year. The Sentencing Guidelines assign the highest base offense level to possession of more than 1.5 kilograms of cocaine base and the district court believed the evidence "clearly preponderate[d] . . . at least 1.5 kilograms, [and] probably considerably more than that." (Sent. Tr. at 43). We conclude the district court's drug quantity calculation was not clearly erroneous.

Fourth, Goolsby claims his sentence was improperly enhanced for reckless endangerment while fleeing a law enforcement officer because he was not under arrest or otherwise required to submit to the officers when he fled. We disagree. A two level enhancement is proper where a defendant "recklessly create[s] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S. Sentencing Guidelines Manual § 3C1.2 (1998). The application notes instruct that "'[d]uring flight' is to be construed broadly" and that "this adjustment also is applicable where the conduct occurs in the course of resisting arrest." Id. at comment (n.3). Thus, the district court properly applied the enhancement to Goolsby's conduct in pushing a minor child in his sole care and custody into the path of an oncoming police car as he fled from law enforcement officers attempting to execute a search warrant on his home.

Finally, Goolsby claims his sentence was improperly enhanced because he assaulted a corrections officer during his escape from federal custody while awaiting sentencing. On this point we agree. In applying this enhancement, the district court used the relevant conduct provisions of the Sentencing Guidelines which state that "[u]nless otherwise specified, . . . adjustments in Chapter Three[] shall be determined on the basis of . . . acts . . . committed . . . in the course of attempting to avoid detection or responsibility for [the offense of conviction]." U.S.S.G. § 1B1.3(a)(1). By finding that Goolsby's escape was an attempt to avoid responsibility for the drug convictions, the district court concluded that his assault on a corrections officer during the escape required an official victim enhancement under § 3A1.2. In United States v. Drapeau, 121 F.3d 344 (8th Cir. 1997), however, we held that the relevant conduct provisions of § 1B1.3 are inapplicable to a § 3A1.2 enhancement because § 3A1.2 otherwise specifies that the enhancement "is proper only where the 'offense of conviction' is motivated by the victim's status" and because the application notes clarify "that the government official must be the 'victim[] of the offense.'" Id. at 349. Goolsby's offenses of conviction were conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. Because those crimes were not targeted at the corrections officer, Goolsby's assault of the officer during his escape is not subject to a § 3A1.2 enhancement. See United States v. Drapeau, 188 F.3d 987, 991 (8th Cir. 1999). Although the official victim enhancement under U.S.S.G. § 3A1.2 was improper, a life sentence is still required after the enhancement is removed. We thus conclude application of the enhancement was harmless error. See United States v. Simpkins, 953 F.2d 443, 446 (8th Cir. 1992).

We affirm Goolsby's conviction and sentence.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.