# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1353

_____

United States of America,

        Appellee,

v.

Yureko Suntaun Johnson,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Southern District of Iowa.

[UNPUBLISHED]

_____

Submitted: July 5, 2006
Filed: July 11, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Yureko Suntaun Johnson pleaded guilty to conspiring to distribute and possess with intent to distribute a mixture containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1); distributing a detectable amount of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Counts 2-3); distributing 5 grams or more of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (Count 4); possessing a detectable amount of crack with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count 5); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 2 and 922(g)(1) (Count 6).

Following a bench trial to determine drug quantity on Count 1, the district court[1] found beyond a reasonable doubt that Johnson possessed with intent to distribute well in excess of 50 grams of crack: 30.85 grams of crack was established by Johnson's guilty plea and admissions, and another 79.2 grams of crack was established by the testimony of government witnesses at trial. With a total offense level of 34 and a Category IV criminal history, Johnson's Guidelines imprisonment range was 210-262 months, increased to 240-262 months because of the 20-year statutory mandatory minimum under Count 1. See 21 U.S.C. § 841(b)(1)(A). The district court sentenced Johnson to concurrent terms of 240 months in prison on Counts 1-5 and 120 months in prison on Count 6, to be followed by concurrent supervised-release terms of 10 years on Count 1; 6 years on Counts 2, 3, and 5; 8 years on Count 4; and 3 years on Count 6.

On appeal, Johnson's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable and that the district court erred in finding Johnson was responsible for more than 50 grams of crack because the government witnesses' testimony was not credible. Johnson has filed a motion for new counsel.

We conclude that the district court did not clearly err in finding that Johnson conspired to possess with intent to distribute 50 grams or more of crack. See United States v. Alexander, 408 F.3d 1003, 1009 (8th Cir. 2005) (standard of review); United States v. Gary, 341 F.3d 829, 835 (8th Cir. 2003) (district court's determination of witness credibility is virtually unreviewable on appeal), cert. denied, 540 U.S. 1139 (2004); United States v. Goolsby, 209 F.3d 1079, 1081 (8th Cir. 2000) (per curiam) (in determining what weight to give trial testimony, district court is free to believe all, some, or none of witness's testimony; court's drug quantity calculation, based on

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

witnesses' testimony as to how much drugs witnesses saw defendant purchase and sell over course of year, was not clearly erroneous).

We also conclude that Johnson's sentence is not unreasonable given that he received the statutory mandatory minimum sentence, which was at the bottom of his Guidelines range. <u>See</u> <u>United States v. Lincoln</u>, 413 F.3d 716, 717 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and defendant must rebut such presumption), <u>cert. denied</u>, 126 S. Ct. 840 (2005); <u>United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 US 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, we grant counsel's motion to withdraw, and we deny Johnson's motion for new counsel.

_____