NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015
Decided October 23, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1677 | |
| | Appeal from the |
| UNITED STATES OF AMERICA, | United States District Court for the |
| *Plaintiff-Appellee*, | Western District of Wisconsin. |
| | |
| *v.* | No. 14-CR-18 |
| | |
| BRIAN K. SMALL, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

After he was imprisoned and fined for tax evasion, Brian Small retaliated against the former Secretary of the United States Department of the Treasury and a Bureau of Prisons employee by attempting to file false liens against them for more than 100 million dollars. He pleaded guilty to one count of filing false liens against public officials, *see* 18 U.S.C. § 1521, and he received a below-guidelines sentence of 20 months' imprisonment. Small filed a notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to identify a nonfrivolous issue. We invited Small to respond, *see* 7TH CIR. R. 51(b), but he did not. Because counsel's analysis appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Small could challenge the validity of his guilty plea but neglects to say whether he discussed this possibility with his client. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel's omission, however, does not require that we deny the *Anders* motion because his discussion and our review of the record persuade us that any challenge to the guilty plea would be frivolous. The transcript of the plea colloquy shows that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The court advised Small of the trial rights he waived by entering a guilty plea, the charges against him, the maximum penalties (including fine, imprisonment, and supervised release), the role of the sentencing guidelines, and the judge's discretion in applying the guidelines. *See* FED. R. CRIM. P. 11(b)(1). The court also ensured that Small's guilty plea was supported by an adequate factual basis and made voluntarily. *See id.* R. 11(b)(2), (3).

The remaining potential arguments raised by counsel concern the legality of the sentence imposed. Counsel asks whether Small could challenge the six-level "official victim" increase under U.S.S.G. § 3A1.2(b) on grounds that his attempt to file the false liens were unsuccessful and no victim was actually harmed. *See* U.S.S.G. §§ 2A6.1, cmt. n.2, 3A1.2(b). But counsel correctly concludes that this challenge would be frivolous because the official need not be harmed to be a victim. *See United States v. McCaleb*, 908 F.2d 176, 178–79 (7th Cir. 1990); *United States v. Drapeau*, 188 F.3d 987, 991 (8th Cir. 1999).

Counsel next considers challenging a six-level increase under U.S.S.G. § 2A6.1(b)(1) for attempting to carry out a threat. We agree with counsel that such a challenge would be frivolous because an expressed intent to harm property is a threat, *see United States v. England*, 507 F.3d 581, 589 (7th Cir. 2007), and Small warned the Secretary in writing that he would file a lien against the Secretary's property unless the Secretary paid off his debt.

Finally, counsel asserts that it would be frivolous to contest the reasonableness of Small's sentence. His 20-month sentence is substantially shorter than his calculated guideline range of 51 to 63 months, and thus it is presumptively reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011). Counsel has not identified a reason to disturb that presumption. The district court properly acknowledged Small's history and characteristics, including his roles as a parent and as the primary caretaker for his ailing mother, and his steady work history

over many years at the same company. *See* 18 U.S.C. § 3553(a)(1). The court also considered the nature and circumstances of the offense: Small demonstrated a pattern of antigovernment behavior, and he committed the offense while completing his sentence for tax evasion. *See id.* We agree with counsel that a challenge to Small's sentence would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.